UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBIN A. MOORE, JR.,

                                 **Plaintiff,**

v.                                                                                  **6:22-CV-1125**

**REGINA A. RINALDI, STATE OF NEW YORK,**

                                 **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION and ORDER

**I.    INTRODUCTION**

This *pro se* action was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, to review Plaintiff's *in forma pauperis* ("IFP") application and for an initial review of his complaint pursuant to 28 U.S.C. § 1915(e). Judge Dancks granted Plaintiff's IFP application for purposes of initial review, and recommends that the claims in the Complaint (Dkt. Nos. 1, 1-1) be dismissed and that Plaintiff be denied an opportunity to amend. *See* Report-Recommendation and Order, Dkt. No. 7. Plaintiff filed an objection to Judge Dancks' recommendations. Dkt. No. 10.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes

specific objections to a magistrate's findings.).  "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(interior quotation marks and citations omitted).  General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.  *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008).  "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed.'" *DiPilato*, 662 F. Supp. 2d at 339–40 (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).  After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b).

## III.    DISCUSSION

As Judge Dancks explained, Plaintiff initiated this action against Regina A. Rinaldi, a State Administrative Law Judge, and the State of New York (collectively, "Defendants") on October 31, 2022. (Dkt. Nos. 1, 1-1.) Plaintiff alleges that on July 29, 2022, while at his final parole hearing, Judge Rinaldi "failed to uphold her duty" by denying Plaintiff new counsel after hearing Plaintiff's attorney, Mr. Rettinger, make certain comments to Plaintiff, including telling Plaintiff to shut up; saying Plaintiff

Case 6:22-cv-01125-TJM-TWD   Document 14   Filed 03/31/23   Page 3 of 4

sounded like "Johnny Cohern"[1] raised from the dead; saying Plaintiff sounded like someone who takes psychiatric medication; and saying Plaintiff sounded like a psychiatric patient. (Dkt. No. 1 at 3; Dkt. No. 1-1 at 4.) Plaintiff claims that due to all this "negligent" behavior and the "racist slur[]", he has suffered "great" mental anguish which is affecting his PTSD, anxiety, and depression and which requires him to see his doctor more. *Id*

Plaintiff asserts multiple causes of action against Judge Rinaldi and the State of New York: (1) Judge Rinaldi did not say anything when Mr. Rettinger told Plaintiff to shut up; (2) did not correct Mr. Rettinger for telling him to shut up and that he sounded like a psych patient; (3) failed to do her duty to rule "on such matters as see [sic] properly fit"; (4) violated his First Amendment rights; (5) violated his "free exercise of legal argument"; and (6) violated ethics and code of professional conduct. (Dkt. No. 1 at 3; Dkt. No. 1-1 at 4-5.) Plaintiff requests the termination of Judge Rinaldi and $2.5 million in damages. (Dkt. No. 1 at 4; Dkt. No. 1-1 at 5.)

Judge Dancks recommends that all claims against Judge Rinaldi be dismissed as barred by absolute judicial immunity, *see* Dkt. No. 7 at 5-6, that all claims against the State of New York be dismissed as barred by the Eleventh Amendment, *see id.* at 6-7, and that Plaintiff be denied the opportunity to amend because better pleading could not cure the deficiencies described by Judge Dancks. *Id.* at 7. Plaintiff merely states that he "object[s]" to Judge Dancks' recommendations, and requests "a virtual hearing due to

---

[1] As Judge Dancks stated, it is unclear who Plaintiff is referring to in the complaint. Given the context, the intended reference may be to noted criminal defense attorney Johnnie Cochran. Dkt. No. 7, at 2, fn. 3.

3

the lack of knowledge and … is asking the Courts [sic] to appoint [him] a lawyer to further assist [him]." Dkt. 10.

Plaintiff lodges a general objection that requires only clear error review. After conducting this review, the Court finds no clear error underlying Judge Dancks' recommendations. Further, when conducting a *de novo* review of Judge Dancks' recommendations, the Court adopts those recommendations for the reasons stated in the Report-Recommendation and Order.

## IV. CONCLUSION

The Court **ACCEPTS and ADOPTS** Judge Dancks' Report-Recommendation and Order (Dkt. No. 10) in its entirety for the reasons stated therein. Accordingly, it is hereby

**ORDERED** that Plaintiff's Complaint (Dkt. Nos. 1, 1-1) is **DISMISSED IN ITS ENTIRETY WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Plaintiff's application for a "virtual hearing" and the appointment of counsel is **DENIED AS MOOT.**

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated:   March 31, 2023

Thomas J. McAvoy
Senior, U.S. District Judge